UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID L.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 3:20-cv-05850

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits ("DIB").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is reversed and remanded for further proceedings.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?

## II.    BACKGROUND

Plaintiff filed a claim for DIB on August 25, 2018, alleging a disability onset date of July 1, 2018. AR 15, 159-60. Plaintiff's claim was denied initially and upon reconsideration. AR 15, 90-92, 94-100. On September 27, 2019, ALJ Elizabeth Watson held a hearing. AR 34-54. On October 21, 2019, ALJ Watson issued a decision finding

that Plaintiff was not disabled. AR 12-27. On June 19, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of ALJ Watson's October 21, 2019 decision. Dkt. 4.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of asthma, spinal disorder, obesity, depressive disorder, anxiety disorder, and personality disorder. AR 17-18. The ALJ also found that Plaintiff had the non-severe impairments of pulmonary embolism, atrial fibrillation, and migraines. *Id.* Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his past work, but could perform other light, unskilled work; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 20, 25-27, 49-51.

A. <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

Plaintiff contends that the ALJ erred in evaluating the opinion of examining physician Russell Madsen, M.D. Dkt. 9, pp. 3-4.

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and

"specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still requiring ALJs to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 404.1520c,; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of the change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1. Dr. Madsen

Dr. Madsen examined Plaintiff on October 20, 2018. AR 630-35. Based on this evaluation, Dr. Madsen opined that Plaintiff could sit, stand and/or walk for two hours in an eight hour day due to shortness of breath and back pain, but would need "frequent alteration between sitting and standing" to relieve his back pain. AR 635. Dr. Madsen further opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, and was limited to occasional kneeling, crouching, and crawling due to his poor range of motion and mobility. *Id.*

The ALJ found Dr. Madsen's opinion persuasive, reasoning that it was consistent with the medical record. AR 24. The ALJ further found Plaintiff's activities of daily living (use of the internet, watching television, and playing video games) were consistent with the ability to perform sedentary work, and Plaintiff did not mention needing to change position or take naps, "as he did at the hearing." AR 24.

The ALJ's conclusion concerning Plaintiff's need to change positions during the day is not supported by substantial evidence.

As the ALJ noted, during the hearing, Plaintiff testified that he could not perform even sedentary work because he could not stay in one position for very long without pain. AR 41-42. During his evaluation with Dr. Madsen, Plaintiff made similar allegations, stating that he felt pain and needed to change positions after sitting for half an hour. AR 631. Plaintiff rated his baseline level of pain as an eight out of ten, and said that physical therapy and muscle relaxers did not help much. *Id.* During his examination, Dr. Madsen observed that Plaintiff gave full effort, was uncomfortable sitting after about five minutes, and had to shift frequently from side to side while seated. AR 633-634.

Accordingly, Plaintiff did mention his need to shift positions during the examination, and Dr. Madsen's opinion that Plaintiff would require "frequent alteration between sitting and standing" to relieve his back pain is supported by his own observations.

Although the ALJ found that Plaintiff was able to perform "sedentary/light work", the ALJ assessed Plaintiff as being able to lift and carry 20 pounds occasionally and less than 10 pounds frequently and sit for six hours in an eight hour day – these are restrictions more consistent with light work. AR 20; Social Security Ruling ("SSR") 83-10 (defining light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, and noting that light jobs involve sitting "most of the time"). At step five of the sequential evaluation, the ALJ only cited light jobs that Plaintiff could perform, and did not include any limitations related to Plaintiff's need to shift positions while working. AR 26, 49-51.

Further, the ALJ's finding that Plaintiff's ability to engage in certain activities of daily living, such as using the internet, watching television, and playing video games, were consistent with the ability to perform full-time, sedentary work, is not supported by substantial evidence. An individual's ability to engage in these activities at home, where he or she can change positions at will and without consequence, is not the same as performing similar activities in a work setting. *See e.g. Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (noting that many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication) (internal citation omitted).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Accordingly, the ALJ's evaluation of the limitations contained in Dr. Madsen's opinion was not supported by substantial evidence.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he found Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to conduct another hearing, take additional evidence as necessary, and re-assess the opinion of Dr. Madsen.

Dated this 26th day of August, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge